UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARK K. OSBORNE,

    Plaintiff,

vs.                                                                  CASE NO. 3:11-cv-951-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

## O R D E R

This case is before the Court on Defendant's Unopposed Motion For Entry of Judgment With Remand (Doc. #25, Motion to Remand), filed July 3, 2012. Defendant's counsel represents to the Court that he has contacted Plaintiff's attorney who has "no objection" to this Motion. Motion to Remand at 1. Defendant seeks to have this case remanded to the Commissioner of Social Security for further administrative action pursuant to sentence four of the Social Security Act, 42 U.S.C. §405(g) and §1383(c)(3). Upon consideration of the Motion to Remand, and the grounds urged in support thereof, it is:

**ORDERED and ADJUDGED** that the decision of the Commission is hereby reversed under sentence four of 42 U.S.C. § 405(g) and this case is remanded to the Commissioner of Social Security for the following reasons:

> On remand, Defendant will instruct the administrative law judge (ALJ) to further develop the record, give Plaintiff an opportunity for new hearing, and issue a new decision. Specifically, the ALJ will further evaluate whether Plaintiff had a substance abuse disorder during the period at issue, reassess the examining and non-examining source opinions, and obtain further vocational evidence.

Motion to Remand at 1.

The Clerk of the Court is hereby directed to enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure and close this case.

**It is further ORDERED**, if Plaintiff were to ultimately prevail in this case upon remand to the Social Security Administration, any motion for attorney fees under 42 U.S.C. § 406(b) **must be filed within thirty (30) days** of the date the Commissioner issues a "Notice of Award" letter to the Plaintiff/claimant to award disability benefits. *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1278 n. 2 (11th Cir. 2006) (recognizing under Fed. R. Civ. P. 54(d)(2)(B) the district court may enlarge the time for any attorney to petition for fees and suggesting time be stated in the judgment); *compare with* Fed. R. Civ. P. 54(d)(2)(B) and M.D. Fla. Loc. R. 4.18(a) (both requiring that unless a statute **or court order** provides otherwise, any motion for attorney fees must be filed no later than fourteen (14) days after entry of judgment) (emphasis added). This Order does not, however, extend the time limits for filing a motion for attorney fees under the Equal Access to Justice Act.

**DONE AND ORDERED** at Jacksonville, Florida this 6th day of July, 2012.

Copies to all counsel of record
and *pro se* parties, if any

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge