UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARK A. OSBORNE,

    Plaintiff,

vs.                                          CASE NO. 3:11-cv-951-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## O R D E R

This case is before the Court on Plaintiff's Consent Petition for Attorney Fees (Doc. #29, Motion), filed on September 17, 2012. In the instant Motion, Plaintiff seeks an award of attorney fees pursuant to the Equal Access to Justice Act (EAJA) in the amount of $3,600.15. Motion at 1-2. Plaintiff represents that Defendant does not oppose the requested relief. *Id.* at 2.

Counsel for Plaintiff indicates a total of 19.8 hours were expended in the representation of Plaintiff before the Court. Id. Plaintiff requests an hourly rate of $180.59 for services performed in 2011 and $181.98 for services performed in 2012. *Id.* Plaintiff is seeking a higher hourly fee than the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney fee rate was last adjusted by Congress. See 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased). Having examined the Consumer Price Index, the Court concludes the increases in inflation justify a proportionate

increase in attorney fee rates.[1]  Accordingly, the Court finds the rates requested by Plaintiff should be allowed.

Plaintiff was granted *in forma pauperis* status, thus no claim for costs is made.

Therefore, it is hereby **ORDERED AND ADJUDGED:**

1. Plaintiff's Consent Petition for Attorney Fees (Doc. #29 is **GRANTED**.

2. The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $3,600.15 for the EAJA attorney fees taxed under 24 U.S.C. § 2412(d).

3. The Court leaves it to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff's counsel after a determination that Plaintiff does not owe a federal debt.  See  *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528-29 (2010) (establishing that any award of attorney fees under the EAJA is subject to offset by the government of any debt owed by the plaintiff to the United States)*.*

**DONE AND ORDERED** at Jacksonville, Florida this  3rd   day of October, 2012.

Copies to all counsel of record
     and *pro se* parties, if any

THOMAS E. MORRIS
United States Magistrate Judge

---

[1]Were these hourly rates contested, the Court's determination regarding the reasonableness might be different.  The Court arrived at its conclusions, however, after visiting the following website: www.minneapolisfed.org (last visited October 3, 2012).
The Court refers to this public website for informational purposes only.  The Court accepts no responsibility for and does not endorse any content found at this website.  Furthermore, the Court's opinion is not affected should this website cease to be available in the future.